IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ANTHONY T. GROSE,**

        **Plaintiff,**

v.                                            Case 2:16-cv-02043-SHL-cgc

**JACOB J. LEW, Secretary,**
**Department of Treasury,**

        **Defendant.**

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY,**
**MOTION FOR MORE DEFINITE STATEMENT**

**ORDER GRANTING PLAINTIFF'S**
**MOTION TO AMEND AND SUPPLEMENT THE PLEADINGS**

Before the Court are Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement filed pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure and Plaintiff's "Leave-of-Court Motion" to amend or supplement his Complaint to cure his "defective pleadings" ("Plaintiff's Motion to Amend and Supplement the Pleadings") (Docket Entries "D.E." #20, #22). The instant motions have been referred to the United States Magistrate .[1] For the reasons set forth herein, Defendant's Motion to Dismiss or, Alternatively, Motion for

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

More Definite Statement is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion to Amend and Supplement the Pleadings is GRANTED.

**I. Background**

On January 19, 2016, Plaintiff filed a *pro se* Complaint with this Court. Plaintiff's Complaint did not set forth either any legal bases or factual bases. Plaintiff merely stated as follows:"This is a[n] employment law discrimination case of: (1) [Disperate] Treatment; (2) [Disperate] Impact; (3) Cat's Paw; and, (4) Mixed Motive theories that are base[d] on the agency employees, the federal health occupation medical physician, and the agency Internal EEO decision makers negligence, neglect in this case which violated the agency policies of Reasonable Accomodations[.]" Plaintiff's Complaint referenced certain Equal Opportunity Employment Commission ("EEOC") cases, documents of which were attached as exhibits. Plantiff further referenced other legal terms of art, such as reasonable accomodation requests, reconsideration of denied accommodations requests, employer retaliation, hostile work environment, and constructive discharge. Plaintiff requested compensatory and punitive damages, injunctive relief, and attorneys' fees and costs.

On March 18, 2016, Defendant filed his Motion to Dismiss or, Alternatively, for More Definite Statement pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, respectively. Defendant argues that, as a threshold matter, Plaintiff's Complaint does not state the basis of the Court's jurisdiction in this matter. Defendant further argues that, although Plaintiff has referenced, generally, certain EEOC filings and attached certain EEOC documents, it is not clear therefrom the bases for his current Complaint.

On March 31, 2016, Plaintiff filed his Response to Defendant's Motion to Dismiss or,

Alternatively, for More Definite Statement. In his Response, Plaintiff stated that this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 and Section 1343 "to hear Federal Sector, Agency employment discrimination cases, upon review of Agency and the Equal Employment Opportunity Commission, (EEOC) Office of Federal Operations (OFO) Final Decisions." Plaintiff also set forth that the legal bases for his Complaint, which were not stated therein, are as follows: Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; 42 U.S.C. Section 1985; Section 501 of the Rehabilitation Act; the Age Discrimination in Employment Act; 42 U.S.C. § 1981a; and, the Americans with Disabilities Act of 1990. Plaintiff further set forth certain factual allegations regarding his employment discrimination allegations while employed by the Internal Revenue Service ("IRS"). Plaintiff's Response requests that the Court deny Defendant's Motion to Dismiss but grant Defendant's Motion for More Definite Statement to permit him to amend and supplement his Complaint.

On March 31, 2016, Plaintiff filed his own Motion to Amend and Supplement his Complaint. Therein, he reiterated his request in his Response that he be allowed to cure the defects in his Complaint.

**II. Proposed Conclusions of Law**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v.*

3

*Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed.

Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Rule 12(e) of the Federal Rules of Civil Procedure provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id*. "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id*.

Upon review, Plaintiff's Complaint clearly does not meet the pleading requirements set forth in Rule 8(a)(1) and 8(a)(2) of the Federal Rules of Civil Procedure, which mandates that a pleading that states a claim for relief must contain as follows:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]

*Id*. Plaintiff's Complaint further does not comply with Rule 8(d) of the Federal Rules of Civil Procedure, which requires that "[e]ach allegation must be simple, concise, and direct," although "[n]o technical form is required." *Id*. Plaintiff's Complaint additionally violates Rule 10(b) of the Federal Rules of Civil Procedure, which requires that a "party must state its claims or defenses in

numbered paragraphs, each limited as far as practicable to a single set of circumstances" and advises that, "[i]f so doing would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id*.

Under these circumstances, the Court can either grant Defendant's Motion to Dismiss without prejudice and provide leave to amend, *Brown v. Matauszak*, 415 Fed. Appx. 608, 614-16 (6th Cir. 2011), or deny Defendant's Motion to Dismiss and grant Defendant's alternative Motion for More Definite Statement and Plaintiff's Motion to Amend and Supplement, *see, e.g.*, *Glendon Lamar Plemons v. Everett L. Hixson, Jr.*, No. 3:09-CV-301, 2010 WL 199996, at *2 (E.D. Tenn. Jan. 13, 2010) (granting the defendant's motion for more definite statement pursuant to Rule 12(e) where the complaint did not contain a short and plain statement of the grounds for the court's jurisdiction and was so vague as to make a reasonable determination of his claims impossible, and instructing the plaintiff to provide the jurisdictional grounds and a short and plain statement of each claim entitling him to relief and a demand for the relief sought pursuant to Rule 8(a) of the Federal Rules of Civil Procedure). In the instant case, the Court believes that the latter is the more prudent and efficient course as it permits Plaintiff to remedy the deficiencies in his Complaint without dismissing his case at this time.

Accordingly, Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion to Amend and Supplement the Pleadings is GRANTED. Plaintiff will be given fourteen (14) days from the entry of this Order to file an Amended Complaint that complies with the Federal Rules of Civil Procedure, including the aforementioned rules, and the Local Rules of this Court. Failure to comply with these rules and this Order may be grounds for dismissal of Plaintiff's case.

**IT IS SO ORDERED** this 16th day of May, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**