IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. GROSE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:16-cv-02043-TLP-cgc |
| v. | ) | |
| | ) | |
| STEVEN T. MNUCHIN, Secretary of the | ) | JURY DEMAND |
| United States Department of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUGMENT**

Under Western District of Tennessee Administrative Order 2013-05, the Magistrate Court considered Defendant's Motion to Dismiss or for Summary Judgment and issued a Report and Recommendation ("R&R"). (ECF No. 74 at PageID 2827.) The R&R recommends "that Defendant's Motion for Summary Judgment be GRANTED." (*Id.*) Plaintiff Anthony T. Grose, Sr. ("Plaintiff" or "Mr. Grose") timely objected to the R&R, (ECF No. 78), and Defendant Steven T. Mnuchin, Secretary of the United States Department of the Treasury ("Defendant," or "Secretary of Treasury")[1] responded to the objections. (ECF No. 79.)

For the following reasons, the Report and Recommendation is ADOPTED. Accordingly, Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

---

[1] This case was originally styled *Anthony T. Grose, Sr. v. Jacob J. Lew*, with the then-acting Secretary of Treasury listed as the party Defendant.

## STANDARD OF REVIEW

The following standards of review apply in this matter.

I.  *De novo* Review of the R&R

When reviewing a Report and Recommendation from the Magistrate Court,

> [a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review, a district court is not required to articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

II. **The Standard for a Rule 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint's allegations by arguing that the allegations establish no claim for which relief can be granted. A court considering a motion to dismiss under Rule 12(b)(6) must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court need not accept as true legal conclusions or unwarranted factual inferences.

*Hananiya v. City of Memphis*, 252 F. Supp. 2d 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)).

To survive a Motion to Dismiss, the complaint has to assert more than labels, conclusions, and formulaic recitations of the claim's elements. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). "'[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Conclusory statements are not assumed to be true. *Id.* at 678–79.

## III. The Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Chapman*, 670 F.3d at 680 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *accord Kalich v. AT & T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Id.* at 448–49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

To show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Bruederle*, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); *see also Mosholder*, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex Corp.*, 477 U.S. at 325)).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); *see also Emerson v. Novartis Pharm. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) ("'[J]udges are not like pigs, hunting for truffles' that might be buried in the record."); *Chi. Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'").

"In considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725, 730 (6th Cir. 2012) (citing *Matsushita*, 475 U.S. at 587). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson*, 477 U.S. at 251–52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

## ANALYSIS

Plaintiff's *pro se* Amended Complaint (ECF No. 24) alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), Sections 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, 791, *et seq.* ("Rehabilitation Act"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12191, *et seq.* ("ADA"). Plaintiff alleges that Defendant, his former employer, discriminated against him on the basis of his alleged vision disability (Counts II and V), age (Count III), and gender, race, and color (Count IV). (ECF No. 24.)

Plaintiff further alleges that Defendant violated Title VII by retaliating against him for taking part in Equal Employment Opportunity ("EEO") activity (Count I), on the following instances: (1) on August 16, 2006, he was placed on an employment improvement plain ("EIP"); (2) on June 22, 2007, he received a lower annual performance rating for the period ending on May 31, 2007; (3) on July 31, 2007, management denied his request for reconsideration of an accommodation request; (4) on October 3, 2007, management denied his subsequent request for reconsideration of a reasonable accommodations request; and (5) on August 3, 2007, he was subjected to a "humiliating and degrading training plain." (ECF No. 24 at 3, 6–7.)

5

The R&R RECOMMENDS that Defendant's Motion be GRANTED and: (1) Plaintiff's Title VII and ADEA claims be DISMISSED under Fed. R. Civ. P. 12(b)(6) as barred by the doctrine of *res judicata* because they were or could have been raised in Plaintiff's previous action, *Anthony T. Grose, Sr. v. Jacob J. Lew*, No. 2:11-cv-02562-JDT-cgc (the "2011 case")[2] (ECF No. 74 at PageID 2837); and (2) that Plaintiff's ADA claim be DISMISSED as a matter of law because "[t]he Rehabilitation Act, not the [ADA], constitutes the exclusive remedy for a federal employee alleging disability-based discrimination[,]" *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (citing 42 U.S.C. § 12111(5)(B)(i) (*id.* at PageID 2839); and (3) that Plaintiff's Rehabilitation Act claim be DISMISSED under Fed. R. Civ. P. 56 because Plaintiff has failed to make a *prima facie* showing that he is disabled under the Rehabilitation Act. (*Id.* at PageID 2841.)

The Court discerns that Plaintiff objects on the grounds that: (1) he did not consent to "the Magistrate Judges to handle the entire case, and rule on the non-dispositive motion[;]" (2) the Magistrate judge misapplied the doctrine of *res judicata*; (3) the Magistrate Judge erred in denying his request for leave to file a sur-reply to Defendant's Motion and his request for an evidentiary hearing; (4) the Magistrate Judge erred in recommending dismissal of his ADA claim; and (5) the Magistrate Judge failed in finding that he failed to demonstrate that a genuine issue of material fact exists as to whether he is disabled under the Rehabilitation Act. (ECF No. 78.)

I.     **Findings of Fact**

Plaintiff's objections to the Magistrate Court's Proposed Findings of Fact are irrelevant, as they object to findings that were not made, or Plaintiff attempts to introduce evidence that was

---

[2] The case was originally styled as *Anthony T. Grose, Sr., v. Timothy F. Geithner, et al.*

not before the Magistrate Court. For example, Plaintiff objects to the R&R because he claims it states that Dr. Norton recommended that Plaintiff return to him for computer spectacles when Dr. Allen was the one who made the recommendation. (*Id.* at PageID 2856.) Contrary to Plaintiff's assertion, the R&R accurately states that Dr. Allen "stated that computer glasses . . . may be of help." (ECF No. 74 at PageID 2833.) Plaintiff fails to create a genuine issue of material fact regarding the Magistrate Court's Proposed Findings of Fact based on the Court's review of the record. The Court accordingly ADOPTS the Proposed Findings of Fact.

The Court first addresses what it will call Plaintiff's "procedural objections," (objections (1), (3), *supra*) and then addresses the issues concerning *res judicata*, the ADA, and the Rehabilitation Act.

## II. Plaintiff's Procedural Objections Are Unwarranted

Plaintiff's objections about the Magistrate Judge issuing the R&R and denying his requests for leave to file a sur-reply and for an evidentiary hearing are not well-taken. The Magistrate Judge did not, as he argues, "handle the entire case and rule on the non-dispositive motion." The Magistrate Judge managed this *pro se* non-prisoner Plaintiff's case under the authority granted by the Federal Magistrates Act, 28 U.S.C. §§ 636–639, and the Western District of Tennessee Administrative Order 2013-05. After the parties briefed Defendant's Motion, the Magistrate Judge issued proposed findings and recommendations in the R&R under 28 U.S.C. § 636(b)(1)(B). However, the Magistrate Court did not "rule" on Defendant's Motion.[3] This Court is "ruling" now.

Under Local Rule 7.2(d), the Court may order a hearing on a motion if it determines that one would be helpful or necessary. LR 7.2. Here, neither the Magistrate Court nor this Court

---

[3] *See* Report and Recommendation, *Black's Law Dictionary*, (10th ed. 2014) ("A written statement of findings and a proposed courts of action for consideration by another[.]")

7

determined that a hearing on Defendant's Motion is necessary, and this is not grounds for rejecting the R&R. Additionally, the Local Rules for the Western District of Tennessee do not provide the right to file sur-replies to Rule 12 or Rule 56 motions. *See id.*; *Cadence Bank, N.A. v. Latting Rd. Partners, LLC*, 699 F. Supp. 2d 1041, 1042 (W.D. Tenn. 2010).

The Court has reviewed Plaintiff's Motion to File a Sur-Reply (ECF No. 71) and agrees with the Magistrate Court that it merely reiterates Plaintiff's arguments in his previous filings in response to Defendant's Motion. For these reasons, Plaintiff's procedural arguments are not convincing. Thus, this Court will ADOPT the R&R in this respect.

### III. Plaintiff's Claims, Other than His Vision Disability Claims, Are Barred Under *res judicata*

Plaintiff claims that the Magistrate Court erred "on a pure question of law and on the grounds contrary law" regarding the application of the doctrine of *res judicata*. (ECF No. 78 at PageID 2859 (internal quotation marks omitted).)

Under the doctrine of *res judicata*, "'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. U.S.*, 440 U.S. 147, 153 (1979) (internal citations omitted)). The following elements must be present for *res judicata* to apply:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies;" (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id.* (quoting *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

A *de novo* review of the Magistrate Court's detailed comparison of the pleadings in Plaintiff's 2011 case and the present case shows that the elements of *res judicata* are satisfied, with the exception of Plaintiff's vision disability claim (Counts II and V). Both actions involve

identical parties: Plaintiff and the acting Secretary of the Treasury. Plaintiff's current action involves discrimination claims against his former employer which were, or could have been, raised in his 2011 case. Many of the very same discriminatory acts alleged in the 2011 Complaint are alleged in the present case. *Res judicata* bars not only re-litigating claims or issues that were actually litigated, but also those which could have been litigated in the prior action. *Bragg*, 570 F.3d at 777 (citation omitted). Finally, this Court previously addressed the merits of Plaintiff's discrimination claims, rendered summary judgment against him, and dismissed his case. The Sixth Circuit affirmed this Court's Judgment on September 21, 2016.

Plaintiff argues that in order for *res judicata* to apply, "the first cause of action must be dismissed 'on the merits.'" (ECF No. 78 at PageID 2859.) Plaintiff claims that this Court's grant of summary judgment in favor of the Defendant Secretary of Treasury, and the Sixth Circuit's affirmation of the Court's Judgment in the 2011 case, do not constitute a judgment "on the merits" under *res judicata*. As the Magistrate Court noted, a grant of summary judgment is considered an adjudication on the merits, so Plaintiff's argument fails. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).[4] Plaintiff's other objections—like his suggestion that the 2011 Case was limited to a claim of discrimination for a failure to promote, or that the parties were not the same because there are different secretaries of the Treasury named in each suit—are without merit. The Magistrate Judge rightly applied the doctrine of *res judicata* by identifying the same factual and legal allegations in the 2011 Case and this case and RECOMMENDED that the Court GRANT Defendant's Motion and DISMISS Plaintiff's Title

---

[4] The federal law on *res judicata* is analogous to the Tennessee authority the Magistrate Court cites in the R&R. *See Harrogate Corp. v. Systems Sales Corp.*, 915 S.W.2d 812 816 (Tenn. Ct. App. 1995) (collecting cases) (stating that while denial of summary judgment is not adjudication on the merits, granting of summary judgment is deemed conclusive of all issues reached and decided by summary judgment).

VII and ADEA claims as barred by *res judicata*. The Court ADOPTS the R&R, and Plaintiff's Title VII and ADEA claims are DISMISSED WITH PREJUDICE.

IV. **Plaintiff's ADA and Rehabilitation Act Claims Fail Under Rule 56**

The Court also ADOPTS the R&R that Plaintiff's ADA claim fails as a matter of law. Plaintiff's objection that the ADA and the Rehabilitation Act contain the same standards regarding nondiscrimination is not a proper objection to the Magistrate Court's finding that the Rehabilitation Act is Plaintiff's exclusive remedy as a former federal employee. *See Jones*, 488 F.3d at 403; 42 U.S.C. § 12111(5)(B)(i) (excluding the United States from definition of employers covered by ADA). Therefore, Plaintiff's ADA claim is DISMISSED WITH PREJUDICE.

Plaintiff alleges that Defendant violated the Rehabilitation Act by discriminating against him on the basis of his alleged vision disability and denying his request for allegedly reasonable accommodations. (ECF No. 24 at 8–9.) Plaintiff fails to present direct evidence of discrimination, so the Magistrate Court correctly applied the three-step burden-shifting test from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Jones*, 488 F.3d at 404. "To do so, a plaintiff must establish each of the following five elements: (1) that he is disabled, (2) that he is otherwise qualified for the job, with or without reasonable accommodation, (3) that he suffered an adverse employment action, (4) that his employer knew or had reason to know of his disability, and (5) that, following the adverse employment action, either he was replaced by a nondisabled person or his position remained open." *Id.* (citations omitted). If the employee meets this *prima facie* burden, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the

challenged employment decision, *id.* (citation omitted), and if the employer meets that burden, then it once again falls on the plaintiff to prove by a preponderance of the evidence that the employer's proffered reason was pretextual. *Id.* A plaintiff can defeat summary judgment "only if his evidence is sufficient to create a genuine dispute at each stage of the McDonnell Douglas inquiry." *Id.* (internal quotation marks and citation omitted).

The R&R RECOMMENDS that Plaintiff fails to demonstrate that a genuine issue of material fact exits as to whether he is disabled under the Rehabilitation Act. Plaintiff disputes this by making conclusory statements and referring to evidence that was not before the Magistrate Court when considering Defendant's Motion. The Court declines to consider this evidence. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). The Court has performed a *de novo* review of the R&R and the record to find that the evidence shows that Plaintiff's vision impairments during his employment with Defendant were correctable by the proper use of bifocal eyeglasses. (*See* ECF Nos. 45-12, 45-14, 45-19, 45-20 at 132–34, 45-27.)

As to whether Plaintiff is disabled, the Court ADOPTS the Magistrate Court's recommendation. The Magistrate Court found that the term "disabled" is "restricted to those whose impairments are not mitigated by corrective measures," quoting the Supreme Court's opinion in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 487 (1999). The Magistrate Court found that based on this definition, Plaintiff failed to establish a *prima facie* showing that he is disabled because the record indicates that he could have cured his vision impairment with 20/20 acuity if he used bifocal eyeglasses or sought computer eyeglasses to help him with vision in the intermediate range. (*See* ECF No. 74 at PageID 2841.)

While the Magistrate Court's ultimate conclusion is sound, this Court will provide some further explanation. Almost ten years after *Sutton*, Congress amended the ADA to overturn

certain aspects of the Supreme Court's ruling in that case and other ADA decisions. *See* Pub. L. No. 110–325. Following Congress's actions, the current determination of whether an individual is "disabled" within the meaning of the ADA and the Rehabilitation Act is to be made "without regard to the ameliorative effects of mitigating measures." 42 U.S.C. §12102(4)(E)(i). However, a determination "disability" still must factor "[t]he ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses." 42 U.S.C. §12102(4)(E)(ii). Thus, the Supreme Court's ruling in *Sutton* that "disability" does not encompass vision impairments that are correctable with ordinary eyeglasses or contact lenses is still an accurate statement of the law. *Verhoff v. Time Warner Cable, Inc.*, No. 07–4265, 299 F. App'x 488, 494 n. 5 (6th Cir. Oct. 24, 2008) (unreported); (*Nali v. Michigan*, No. 10-10837, 2010 WL 1957214, at *1 n.1 (E.D. Mich. May 13, 2010). Thus, the Court ADOPTS the conclusion in the R&R regarding Plaintiff's disability claim under the Rehabilitation Act, as the conclusion is consistent under the current state of the law. The Court GRANTS Defendant's Motion as to that claim, and finds that Plaintiff fails to present a genuine issue of material fact to the evidence as to whether he is disabled. Accordingly, the Court DISMISSES Plaintiff's Rehabilitation Act Claim WITH PREJUDICE.

## CONCLUSION

The Report and Recommendation is ADOPTED and Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE. A Judgment will follow entry of this Order.

**SO ORDERED**, this 21st day of May, 2018.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE